IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LEANN ARNOLD**                                                                                             **PLAINTIFF**

4:19-CV-00394-BRW

**PINNACLE STRUCTURES, INC.**                                                 **DEFENDANT**

## ORDER

Pending is Defendant's Motion for Summary Judgment (Doc. No. 15). Plaintiff has responded and Defendant has replied.[1] For the reasons set out below, the motion is GRANTED.

**I.   BACKGROUND**

Defendant designs and manufactures pre-engineered metal buildings. Plaintiff worked for Defendant as a "purchasing agent" until her separation in May 2019. As a purchasing agent, Plaintiff was "responsible for purchasing functions, inventory management, and vendor relationships."[2]

Plaintiff alleges that Defendant incorrectly classified her as an employee exempt from overtime, and, therefore, failed to properly pay her overtime wages under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act.

Defendant asserts that it is entitled to summary judgment based on the FLSA's "administrative exemption."[3]

---

[1] Doc. Nos. 22, 23.

[2] Doc. No. 15-3.

[3] Doc. No. 17.

1

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[4] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[5]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should be granted only when the movant has established a right to the judgment beyond controversy.[6] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[7] A court must view the facts in the light most favorable to the party opposing the motion.[8] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[9]

---

[4]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[5]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[6]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[7]*Id.* at 728.

[8]*Id.* at 727-28.

[9]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[10]

## III.   DISCUSSION

Under the FLSA, administrative employees are exempt from overtime wages.  The FLSA provides that an administrative capacity employee is any employee who is (1) paid more than $684 a week; (2) "[w]hose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) [w]hose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance."[11]

The regulations specifically list an example as: "Purchasing agents with authority to bind the company on significant purchases generally meet the duties requirements for the administrative exemption even if they must consult with top management officials when making a purchase commitment for raw materials in excess of the contemplated plant needs."[12] Additionally, the Department of Labor issued guidance that "purchasing agents" who fall within the administrative exemption "play a primary role in vendor selection, researching vendors, requesting quotes, negotiating with potential vendors, and making a recommendation for vendor selection."[13]

---

[10]*Anderson*, 477 U.S. at 248.

[11]29 C.F.R. § 541.200(a)(1)-(3).

[12]29 C.F.R. § 541.203(f).

[13]Opinion Letter Fair Labor Standards Act (FLSA), 2008 WL 833151, *1 (U.S. Dep't of Labor Mar. 6, 2008).

3

In response to Defendant's motion, Plaintiff attempts to explain that her job "was simply to track down which vendors could supply which materials within which time frame at which price and present it for someone else's review and final decision."[14]  She asserts that "[t]he decision regarding which vendor to use was made by management, and Plaintiff was then 'instructed at that point to accept the bid for whomever.'"[15]  However, she actually testified that "<u>we would decide collectively</u> as to which vendor we would go with and what price and then I was instructed at that point to accept the bid for whomever."[16]

Additionally, Plaintiff testified that, as a purchasing agent, she was "[r]esponsible for purchasing functions, inventory management and vendor relationships." She had to "maintain and update bidder's lists . . . negotiat[e] and enforce purchase agreement . . .monitor production schedule to ensure material is available to fulfill scheduled deliveries . . . [and] follow market conditions affecting availability and pricing."[17]  Plaintiff "negotiated with the vendors to enter into a purchasing agreement," enforced purchase agreements, and had the authority to cancel purchase orders.[18]  She also had the authority to cancel purchase orders.  For example, she told Defendant's president, Will Feland, "I already committed with Metal Prep yesterday morning" regarding a purchase agreement order.[19]  Another time, Plaintiff, on her own, was "negotiating price and committing to a purchase agreement" with Metal Prep for the first quarter.[20]  Plaintiff

---

[14]Doc. No. 21.

[15]*Id*.

[16]Plaintiff's July 8, 2020 Deposition at pp. 54-55 (emphasis added).

[17]*Id*. at pp. 48-49.

[18]*Id*. at pp. 50-51.

[19]*Id*. at p. 57.

[20]*Id*. at p. 62.

also withheld payments when vendors failed to resolve problems on an invoice.[21]  Obviously, Plaintiff's work was related to Defendant's general business operation since she was responsible for acquiring necessary materials through the negotiation and enforcement of purchase orders and purchase agreements.

I find that Defendant has established that Plaintiff qualified for the administrative exemption, and was exempt from overtime wages.  Plaintiff's job duties fall squarely within the descriptions the FLSA and Department of Labor described as a purchasing agent who is subject to the administrative exemption.  Again, purchasing agents are exempt from overtime when they "play a primary role in vendor selection, researching vendors, requesting quotes, negotiating with potential vendors, and making a recommendation for vendor selection."[22]  Plaintiff testified that this is exactly what she did while working for Defendant.  The undisputed material facts establish that Plaintiff's work "directly related to the management or general business operations of the employer or the employer's customers" and her "primary duty include[d] the exercise of discretion and independent judgment with respect to matters of significance."[23]

## CONCLUSION

For the reasons set out above, Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED.

IT IS SO ORDERED this 25th day of August, 2020.

                                                  Billy Roy Wilson  
                                                  UNITED STATES DISTRICT JUDGE

---

[21] *Id*. at p. 65.

[22] Opinion Letter Fair Labor Standards Act (FLSA), 2008 WL 833151, *1 (U.S. Dep't of Labor Mar. 6, 2008).

[23] 29 C.F.R. § 541.200(a)(1)-(3).